IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re | : | Chapter 13 Bankruptcy |
| RICHARD THOMAS KONTIR | : | |
| Debtor | : | No. 23-11010-pmm |
| | : | |
| COMMONWEALTH OF | : | |
| PENNSYLVANIA DEPARTMENT | : | |
| OF REVENUE | : | |
| Movant | : | |
| | : | |
| RICHARD THOMAS KONTIR | : | |
| Respondent | : | |

**OBJECTION OF THE COMMONWEALTH OF PENNSYLVANIA, DEPARTMENT OF REVENUE TO CONFIRMATION OF THE DEBTOR'S 2nd AMENDED CHAPTER 13 PLAN FILED NOVEMBER 9, 2023**

AND NOW, comes the Commonwealth of Pennsylvania, Pennsylvania Department of Revenue by its counsel, Deputy Attorney General, Kelly M. Appleyard, Office of Attorney General, and files the within Objection to Debtor's 2nd Amended Chapter 13 Plan filed November 9, 2023 and respectfully represents the following:

**Parties**

1. Movant is the Pennsylvania Department of Revenue, an Agency of the Commonwealth of Pennsylvania (hereinafter, the "Movant").

**2.** The Respondent is the within Debtor, Richard Thomas Kontir (hereinafter, the "Debtor").

**Jurisdiction and Venue**

3. This court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §1334(b).

4. This is a core proceeding pursuant to 28 U.S.C. §§ 151, 157(b)(2)(L).

5. Venue is proper pursuant to 28 U.S.C. § 1409(a).

## Background

6. On April 6, 2023, the Debtor filed a voluntary Chapter 13.

7. On April 10, 2023, the Movant filed a Proof of Claim for unpaid personal income tax in the amount of $12,073.99, of which $10,263.55 is a secured claim pursuant to 11 U.S.C. § 506(a)(1), $1,727.34 is a priority claim pursuant to 11 U.S.C. § 507(a)(8) and $83.10 is a general unsecured claim.

8. On May 2, 2023, the Debtor filed its original Chapter 13 Plan.

9. On May 9, 2023, Movant filed an Objection to the original Chapter 13 Plan.

10. On September 5, 2023, the Debtor filed its 1st Amended Chapter 13 Plan.

11. On November 9, 2023, the Debtor filed its 2nd Amended Chapter 13 Plan (the "Plan").

12. As of the filing of this Objection, no party in interest has objected to any portion of Movant's Proof of Claim. The Proof of Claim is therefore deemed allowed pursuant to 11 U.S.C. § 502(a). As the holder of an allowed claim,

13. Movant is a creditor and party in interest with standing to object to the Chapter 13 Plan pursuant to 11 U.S.C. § 1324(a).

## First Objection

### *The Debtor's Chapter 13 Plan Provides for the Payment of an Incorrect Amount for the Commonwealth's Secured Tax Claim*

14. Although the Plan does include a provision for Movant's secured tax claim, the amount provided for by the Plan is not consistent with the Proof of Claim.

15. Movant objects to the Plan pursuant to 11 U.S.C. § 1325(a)(5) because the Plan fails to provide for the Movant's secured claim and fails to satisfy any of the three requirements set forth in 11 U.S.C. § 1325(a)(5)(A-C).

16. The Commonwealth does not accept the treatment of its claim in the Plan. *See* 11 U.S.C. § 1325(a)(5)(A).

17. The Plan does not propose to surrender to the Commonwealth property securing its claim. *See* 11 U.S.C. § 1325(a)(5)(C).

18. The Plan fails to meet 11 U.S.C. § 1325(a)(5)(B) because it does not provide for the Commonwealth to receive distributions with a value equal to the allowed amount of its claim.

## Second Objection

### *The Debtor's Plan is Procedurally Deficient Under Fed. R. Bankr. P. 3012*

19. Movant objects to the Plan pursuant to F.R.B.P. 3012(c) because the Debtor is attempting to determine the amount of a secured claim of a governmental unit through the Plan.

20. Movant objects to the Plan pursuant to F.R.B.P. 3012(c) because the Debtor is attempting to determine the amount of a secured claim of a governmental unit through the Plan.

21. Movant is a governmental unit as defined in 11 U.S.C. § 101(27).

22. F.R.B.P. 3012(c) provides that a request to determine the amount of a secured claim of a governmental unit may be made only by motion or claim objection.

WHEREFORE, for the reasons set forth above, Movant, Pennsylvania Department of Revenue, respectfully requests that this Honorable Court enter an Order denying confirmation of the Debtor's 2nd Amended Chapter 13 Plan filed November 9, 2023.

                                                Respectfully submitted,

                                                MICHELLE A. HENRY
                                                Attorney General

                                  By:   *s/ Kelly M. Appleyard*
                                                Kelly M. Appleyard

Office of Attorney General              Deputy Attorney General
Financial Enforcement Section         Attorney ID 320919
15th Floor, Strawberry Square
Harrisburg, PA 17120                       MELISSA L. VAN ECK
Phone: (717) 497-8758                    Chief Deputy Attorney General

kappleyard@attorneygeneral.gov

                                                Counsel for Commonwealth of Pennsylvania
Date:  November 14, 2023             Department of Revenue