IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | | NO. 23-11010-pmm |
| RICHARD KONTIR | Debtor | CHAPTER 13 |
| QNB BANK | Movant | Hearing Date: January 7, 2025 at 10:00 a.m. |
| -vs- | | |
| RICHARD KONTIR | Respondent | |
| and SCOTT F. WATERMAN | Trustee | |

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY

Movant, QNB Bank (hereinafter "Bank") respectfully requests relief from the automatic stay and in support thereof avers as follows:

1. The Debtor in Bankruptcy No. 23-11010, filed on or about April 6, 2023, is Richard Kontir ("Debtor").

2. Movant is QNB Bank, a secured creditor which holds a first and second position mortgage (collectively, the "Mortgages") on Debtor's real property located at 130 Kichline Road, Hellertown, Williams Township, Northampton County, Pennsylvania (the "Property") as set forth more fully herein.

3. The first position purchase money mortgage secures a promissory note in the original principal amount of $380,000.00 ("$380,000 Note") dated April 6, 2018.

4. The second position mortgage secures a promissory note in the original principal amount of $20,000.00 ("$20,000 Note") dated May 14, 2022.

5. As of December 10, 2024, the outstanding balances on Debtor's accounts due and owing to Bank for the Mortgages were as follows:

$380,000 Note:

| | |
|---|---|
| Principal Balance | $ 336,222.94 |
| Accrued unpaid interest through December 10, 2024 (per diem thereafter - $35.54935) | $ 9,222.80 |
| Late Charges | $ 169.42 |
| Attorney's Fees/Costs | $ 2,457.00 |
| Escrow | $ (3,801.00) |
| SUBTOTAL | $ 351,873.16 |

$20,000 Note:

| | |
|---|---|
| Principal Balance | $ 18,167.18 |
| Accrued unpaid interest through December 10, 2024 (per diem thereafter - $2.63933) | $ 538.20 |
| Late Charge | $ 187.35 |
| SUBTOTAL | $ 18,892.73 |

6. Debtor has failed to make the required post-petition monthly payments on the Mortgages due to Bank, and his accounts are due and owing in the following amounts:

$380,000 Note and Mortgage

| | |
|---|---|
| July 1, 2024 | $2,737.00 |
| August 1, 2024 | $2,737.00 |
| September 1, 2024 | $2,737.00 |

| | |
|---|---|
| October 1, 2024 | $2,737.00 |
| November 1, 2024 | $2,737.00 |
| December 1, 2024 | $2,737.00 |
| **Total Post-Petition Delinquency** | **$16,422.00** |

$20,000 Note and Mortgage

| | |
|---|---|
| August 19, 2024 | $162.09 |
| September 19, 2024 | $162.09 |
| October 19, 2024 | $162.09 |
| November 19, 2024 | $162.09 |
| **Total Post-Petition Delinquency** | **$648.36** |

7.  Debtor is in default of his post-petition payment obligations under the Notes and Mortgages as set forth above.

8.  All payments are currently due to Bank from Debtor and payable at the following address:

> QNB Bank
> Attn: Bonita Wade
> 320 W. Broad Street
> P.O. Box 9005
> Quakertown, PA 18951

9.  Pursuant to 11 U.S.C.A. §362 and §1301, Bank is entitled to relief from the automatic stay to foreclose its Mortgage interests in Debtor's Property for any one or more of the following reasons:

>   (a) Cause, included but not limited to:
>
>   > 1) Debtor's continued default and failure to make post-petition monthly mortgage payments to Bank as required by Debtor's Chapter 13 Plan;

    2)     Lack of equity in the mortgage property;

    3)     Debtor's bankruptcy is not filed in good faith as evidenced by Debtor's failure to make post-petition monthly mortgage payments to Bank and Plan payment;

    4)     Bank has not received the indubitable equivalent of its rights under the contract with the Debtor; and

    5)     Lack of adequate protection including but not limited to:

        A.     Failure to make periodic payments;

        B.     Failure to offer additional or replacement collateral;

        C.     No equity cushion in the real property.

10.     In the alternative, Bank requests Relief from the Automatic Stay pursuant to 11 U.S.C.A. §362(d) for the following reasons:

    (a) Debtor does not have any equity in the property; and

    (b) The Property is not necessary for Debtor's effective reorganization.

11.     For the reasons set forth herein, QNB Bank is entitled to Relief from the Automatic Stay so that it may proceed with mortgage foreclosure, sheriff's sale, and ejectment with regard to the Debtor's Property.

12.     Bank further requests, upon entry of an Order granting relief from the stay, that it be exempted from further compliance with Fed. Rule Bankr. P. 3002.1 and 4001 in the instant bankruptcy case and that any such Order remaining in full force and effect in the event of a subsequent conversion of the Plan to another chapter.

WHEREFORE, QNB Bank respectfully requests this Honorable Court to grant its Motion for Relief from the Automatic Stay Pursuant to 11 U.S.C.A. §362 and to further Order that: 1) Bank

may fully and finally exercise its contractual rights and rights under Pennsylvania law through the conclusion of the foreclosure action and Sheriff's Sale against Debtor's Property and any subsequent ejectment action, if needed; 2) Movant be exempted from further compliance with Fed. Rule Bankr. P. 3002.1 and 4001 in the instant bankruptcy case; and 3) any such Order remaining in full force and effect in the event of a subsequent conversion of the Plan to another chapter.

    EXECUTED ON:  December 20, 2024

               GRIM, BIEHN & THATCHER

            By:   /s/ Kelly L. Eberle
                Kelly L. Eberle, Esquire
                Attorney for Movant, QNB Bank